UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOSEPH COLVIN,

     Plaintiff,

v.

GILLEY, *Warden of USP McCreary, et al.*,

     Defendants.

No. 6:23-CV-024-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Joseph Colvin is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Colvin has filed a civil rights action against Defendants Warden Gilley and USP-McCreary Nurse Jane Doe. *See* DE 1 (Complaint). By prior order, the Court granted Colvin's motion to proceed without prepayment of the filing fee. *See* DE 6 (Order). Thus, this matter is now before the Court to conduct a preliminary review of Colvin's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

I.     **Background**

In his complaint, Colvin alleges that Nurse Jane Doe denied him emergency medical treatment. *See* DE 1. Specifically, Colvin alleges that on January 3, 2020, he began experiencing shortness of breath and chest pains. *See id.* at 2–3. He states that around 2:00, he received permission from the Unit Guards to go to the medical unit. *Id.* at 2. However, Nurse Doe told him to "get the hell away from up there and go back to the dorm," even though he advised her that the last time he felt the same way, he was rushed to the emergency room. *Id.* Colvin alleges that,

1

upon returning to the dorm, he advised the Unit Guards that he did not feel safe going back into his cell. *Id*. He claims that the Unit Guards instead directed him to lockdown because it was around shift change. *Id*. at 2–3. At that point, Colvin "felt like [he] was about to die." *Id*. at 3. He alleges that, after shift change, he was in so much pain that he asked his cellmate to push the emergency button. *Id*. Colvin states that staff told him medical would be called when the next shift came, but the Unit Guard told Colvin that he had already been seen and if he kept complaining, he was "going to lock up." *Id*. Colvin states that, as a result, he was in his cell for hours thinking that he was about to die, yet he was denied help. *Id*. He states that around 6:00 p.m., he was seen by the medical team, who checked his blood pressure. *Id*. Based upon these allegations, Colvin seeks to sue Nurse Doe and Warden Gilley.

## II.    Standard

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *see also* Fed. R. Civ. P. 8. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this stage, the Court accepts Colvin's factual allegations as true and liberally (especially so, given pro se status) construes Colvin's legal claims in his favor. *See Twombly*, 127 S. Ct. at 1965. The Court evaluates Colvin's complaint under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

### III.    Analysis

The Court has reviewed Colvin's complaint pursuant to 28 U.S.C. Sections 1915(e) and 1915A, and concludes that the complaint must be dismissed on initial screening for multiple reasons.

First, Colvin's complaint does not clearly articulate the legal basis for his claims against either defendant.  Although specifically prompted to do so by the complaint form, he does not identify a specific constitutional right or federal law that he claims has been violated and instead cites to case law without further explanation.  *See* DE 1 at 4.  Upon review, two of the cases to which Colvin cites involve claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment.  *See id.* (citing *Blackmore v. Kalamazoo Cnty.*, 390 F. 3d 890, 897 (6th Cir. 2004); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)).[1]  Thus, this reference suggests an intent to bring claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971) against Gilley and Nurse Doe for violations of Colvin's Eighth Amendment rights.

To be sure, it is the "plaintiff's obligation" to clearly indicate the legal basis for his claims and allege facts in support of those claims.  *Twombly*, 127 S. Ct. at 1964–65.  A plaintiff does not satisfy this obligation by offering only bare citations to case law without further explanation, leaving it to the Court and the defendants to speculate on the plaintiff's potential claims.  While the Court construes *pro se* pleadings with  leniency, it cannot create claims or allegations that the plaintiff has not made.  *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (citation and quotation marks omitted); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal

---

[1] Colvin also cites to *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), a Supreme Court case regarding the time limits on petitions for federal habeas relief filed by state prisoners.  *See* DE 1 at 4.

construction does not require a court to conjure allegations on a litigant's behalf.") (citation and quotation marks omitted).

Colvin's failure to indicate the legal basis of his claims is, on its own, sufficient justification for dismissing his complaint for failure to state a claim upon which relief may be granted. Even so, in light of Colvin's allegations that he was denied emergency medical care,[2] his references to case law involving Eighth Amendment deliberate indifference claims, his identification of individual employees as Defendants, and the administrative remedy documents attached to his complaint, *see* DE 1-2 (Attached Exhibits),[3] the Court will broadly construe Colvin's complaint as alleging Eighth Amendment *Bivens* claims against Gilley and Nurse Doe, based upon allegations of deliberate indifference to Colvin's serious medical needs. Even so, Colvin's Eighth Amendment claims must be dismissed on initial screening because he fails to state a claim upon which relief may be granted against Gilley and because, in any event, his Eighth Amendment claims are untimely.

---

[2] While Colvin refers to "negligence" in his demand for relief, *see* DE 1 at 8 (seeking "$50,000 for damages, and $20,000 for emotional stress of dying from negligence"), he does not allege that either of the Defendants acted negligently with respect to his medical care. Rather, the nature of his allegations are that he was denied emergency medical care, an allegation that is consistent with an Eighth Amendment claim. Nor does Colvin otherwise invoke the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), which provides the exclusive remedy for negligent or intentional acts committed by employees of the United States during the course of their employment, *see* 28 U.S.C. § 2679(b)(1), or name the United States as a defendant, *see Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."). Colvin's failure to do so does not give this Court license to create an FTCA claim on his behalf, particularly absent any proper allegations of negligent conduct by any federal employee.

[3] The documentation submitted by Colvin relates to his exhaustion of administrative remedies available through the Bureau of Prisons ("BOP") Inmate Grievance System. Thus, this documentation is relevant to the exhaustion requirement as it relates to any constitutional claims against individual defendants brought pursuant to *Bivens*. The FTCA has its own separate set of particular documents and procedures that must be filed and followed to satisfy the FTCA's exhaustion requirement. 28 U.S.C. § 2675(a); 28 U.S.C. § 1346(b).

Constitutional claims against individual federal employees are brought pursuant to the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens*, 91 S. Ct. at 2005. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 129 S. Ct. at 1948–49; *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). Thus, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 129 S. Ct. at 1940. Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . . " *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F. 3d at 471); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Here, Colvin makes no allegation of any direct or individual conduct by Gilley; thus, Colvin does not indicate anything that Gilley did or did not do to violate Colvin's Eighth Amendment rights. Gilley's status as Warden is an insufficient basis to support a *Bivens* claim, as *respondeat superior* is not an available theory of liability pursuant to that doctrine. *See Iqbal*, 129 S. Ct. at 1949 ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."); *see also Polk Cnty. v. Dodson*, 102 S. Ct. 445, 453–54 (1981) (explaining that, in the context of Section 1983, plaintiffs cannot bring claims based on a *respondeat superior* theory of liability). Nor is Gilley's response to Colvin's grievance a sufficient basis for a *Bivens* claim against him, as prison officials are not liable for denying or failing to act on grievances. *See Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability . . ."); *see also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369

(6th Cir. 2004) ("*Bivens* liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.").

Finally, Gilley is a prison administrator, not a medical professional, and Colvin makes no allegation that Gilley was directly or personally involved in making medical decisions regarding Colvin's medical care. *See Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003) (plaintiff failed to establish warden's personal involvement in inmate's medical care). To establish that non-medical personnel such as a warden or jailer was deliberately indifferent to an inmate's serious medical needs, the plaintiff must demonstrate that he or she intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate, none of which is alleged here. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *see also Coleman v. Lappin*, Civil no. 6:10-CV-186-GFVT, 2011 WL 4591092, at *6–*7 (E.D. Ky. 2011) (collecting cases). Because Colvin does not allege that Gilley personally and/or intentionally interfered with any specific medical treatment that was actually ordered by medical providers, he fails to adequately allege an Eighth Amendment claim against Gilley.

Moreover, assuming (without deciding) that Colvin adequately alleges an Eighth Amendment claim against Nurse Doe, Colvin's complaint is clearly barred by the applicable statute of limitations. "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). A *Bivens* claim accrues when the plaintiff becomes aware of the injury that forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393–94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (citation and quotation marks omitted). Here,

Colvin is clear that his injuries arose when he was allegedly denied medical care on January 3, 2020. *See* DE 1 at 3. Where, as here, the operative facts are not in dispute, the Court "determines as a matter of law whether the statute of limitations has expired." *Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143 (Table), 1996 WL 382252, at *3 (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)).

Because Colvin became aware that he was allegedly being denied emergency medical care on January 3, 2020, his claims accrued (and the statute of limitations with respect to his claims began running) on this date. Thus, Colvin had one year from that date – or until January 3, 2021 – to file his complaint. However, Colvin did not file his complaint until February 5, 2023, well after the expiration of the one-year statute of limitations.[4]

It is true that, before he could file suit, Colvin was required to exhaust the administrative remedies available under the BOP's Inmate Grievance Program. 42 U.S.C. § 1997e(a).[5] When a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

---

[4] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Colvin signed his complaint on February 5, 2023. *See* DE 1 at 8.

[5] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13(a). If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15(a), 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15(a), 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his complaint, Colvin states that he fully exhausted the administrative remedies with respect to his claims, *see* DE 1 at 4-5, and further attaches to the complaint documentation of his administrative exhaustion*, see* DE 1-2.[6]  Colvin indicates that he sought informal resolution of his claim on March 3, 2020.  *See* DE 1 at 5; DE 1-2 at 1 (Ex. 1).  Colvin then filed a Request for Administrative Remedy (which was designated Remedy No. 1012477) with the Warden on March 16, 2020, alleging that inadequate medical care occurred on January 4, 2020.  *See* DE 1-2 at 3 (Ex. 3).  On April 23, 2020, the Warden issued a response.  *Id*. at 4 (Ex. 4).  Colvin then appealed to the Regional Director, *id*. at 5 (Ex. 5), who issued a response on May 5, 2020, *id*. at 6 (Ex. 6).  Colvin then appealed to the Office of General Counsel, *id*. at 7 (Ex. 7), who issued a response on September 22, 2020, *id*. at 8 (Ex. 8).  Thus, even giving Colvin every benefit of the doubt and tolling the statute of limitations for the entire time period that he pursued his administrative remedies (or from March 3, 2020, through September 22, 2020), the limitations period on his claim expired on or around September 22, 2021.  However, he did not file his lawsuit in this Court until February 5, 2023, over one year and four months too late.

The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.  *See Jones v. Bock*, 127 S. Ct. 910, 920–21 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted); *Franklin v. Fisher*, No.

---

[6] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *see Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper, *see Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed [Plaintiff's] complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Thus, because Colvin filed his lawsuit well after the statute of limitations for any Eighth Amendment claims expired, those claims are barred by the applicable statute of limitations and must be dismissed. *See Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

## IV.  Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Colvin's Complaint, DE 1, is **DISMISSED**, with prejudice;

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously herewith.

This 24th day of October, 2023.

Signed By:

*Robert E. Wier*

**United States District Judge**